UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES FRANCIS STOLL, individually and as Trustee of the James and Rita Stoll Revocable Living Trust,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL WILLIAM STOLL, an individual; MARYANNE TERESA STOLL, an individual; ROCKET MORTGAGE, LLC, a Michigan limited liability company, formerly dba Quicken Loans, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as Nominee for Rocket Mortgage LLC,<br><br>    Defendants. | Case No.: 6:23-cv-00164-MK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States Magistrate Judge:

On December 15, 2022, Plaintiff James Francis Stoll, individually and as Trustee of The James and Rita Stoll Revocable Living Trust ("Plaintiff") commenced this real property action by filing a Complaint in the Circuit Court of the State of Oregon, County of Marion, Case No.

Page 1 — OPINION AND ORDER

22CV42941, against Defendants Michael William Stoll; Maryanne Teresa Stoll; and Rocket Mortgage, LLC ("Rocket"). Notice of Removal Ex. A, ECF No. 1-2. On January 12, 2023, Plaintiff filed his First Amended Complaint ("FAC") adding Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Notice of Removal Ex. B, ECF No. 1-2 ("FAC"). On February 2, 2023, MERS timely removed Plaintiff's action to Federal Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal ECF No. 1. The parties consent to the jurisdiction of a U.S. Magistrate Judge. ECF No. 37.

Before the Court is Defendants Rocket and MERS' Motion for Judgment on the Pleadings. Defs.' Mot. for J. on Pleadings ECF No. 33 ("Defs.' Mot."). Rocket and MERS argue that Plaintiff's judicial lien did not attach to the real property at issue, or in the alternative, that the Rocket Deed of Trust, described below, is senior to Plaintiff's judicial lien. For the reasons explained below, Defendants' Motion is DENIED.

## BACKGROUND

The following factual allegations are accepted as true for the purpose of this Motion.

Plaintiff is the trustee of the James and Rita Stoll revocable living trust (the "Trust") as amended December 3, 2013. FAC ¶ 1.

In February 2018, Michael and Maryanne Stoll (the "Stolls") purchased real property in Salem, Oregon (the "Salem Property"). FAC ¶¶ 2, 6. The Statutory Warranty Deed lists the Stolls as Tenants by the Entirety. FAC ¶ 7. To purchase the Salem Property, the Stolls allegedly used funds wrongfully received from the Trust and took out a purchase money mortgage from lender Alameda Mortgage Corporation (the "Alameda Mortgage"). FAC ¶ 8. Alameda Mortgage Corporation designated MERS as the nominee for the Alameda Mortgage. FAC ¶ 8. The Deed of

Trust from Alameda Mortgage (the "Alameda DOT") was recorded on February 22, 2018. FAC ¶ 8.

In 2019, Plaintiff brought two actions in California against Michael Stoll, seeking confirmation of the the validity of the Trust and alleging that Michael Stoll had improperly withheld and spent Trust assets. FAC ¶¶ 9, 11. On July 2, 2020, the California Court entered Judgment ("California Judgment"), ordering Michael Stoll to remit approximately $85,000 to the Trust within thirty days or be liable to the Trust for twice the value of the improperly withheld Trust property. FAC ¶ 11. Plaintiff alleges that Michael Stoll did not pay any portion of the California Judgment. FAC ¶ 22.

On January 12, 2021, Michael Stoll transferred his entire ownership in the Salem Property to his wife, Maryanne Stoll, by execution of a Statutory Bargain and Sale Deed (the "Deed"). FAC ¶ 15. The True and Actual Consideration shown on the Deed for this Conveyance was $0.00. FAC ¶ 15. Plaintiff alleges that this was a fraudulent conveyance to avoid the attachment of a judgment lien on Michael Stoll's interest in the Salem Property. That same day, Maryanne Stoll refinanced the Alameda Mortgage with a new lender, Rocket, creating the Rocket Mortgage Deed of Trust (the "Rocket Mortgage DOT"). Neither the Deed nor the Rocket Mortgage DOT were recorded until June 11, 2021. FAC ¶¶ 15, 17.

On February 2, 2021, Alameda Mortgage reconveyed and released the Alameda Mortgage in its entirety by recording a Substitution of Trustee and Deed of Reconveyance, reassigning its right as the trustee to the Alameda DOT. FAC ¶ 16, Ex. 8, 1. The reconveyance was recorded on February 3, 2021. FAC ¶ 16.

On May 4, 2021, Plaintiff registered the California Judgment as a judgment against Michael Stoll in Oregon State Court, creating a judicial lien on Michael Stoll's property for

approximately $200,000. FAC ¶ 13. Plaintiff also sent notice of the lien to Michael Stoll and his attorney of record in the California trust litigation. FAC ¶ 14.

As referenced above, on June 11, 2021, the January 12, 2021 conveyance of Michael Stoll's interest in the Salem Property to Maryanne Stoll, and the Rocket Mortgage DOT resulting from refinancing the Alameda Mortgage were recorded in Marion County.

On January 12, 2023, Plaintiff filed his First Amended Complaint, asserting the following Claims for Relief:

Claim (1): Four Counts of Fraudulent Conveyance under ORS § 95.230 and ORS § 95.240 against Defendants Michael Stoll and Maryanne Stoll;

Claim (2): Unjust Enrichment against Defendant Maryanne Stoll;

Claim (3): Writ of Execution for Sale of Residential Property against all Defendants;

Claim (4): Declaratory Judgment of Priority Lien against all Defendants; and

Claim (5): Avoidance of Lien under ORS § 95.260 against all Defendants.

Defendants Rocket and MERS (herein after "Defendants") move under Fed. R. Civ. P. 12(c) for Judgment on the Pleadings on Plaintiff's Third, Fourth, and Fifth Claims.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d

922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)). The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, *id.*, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must set forth more than "the mere possibility of misconduct." *Id.* at 678.

## DISCUSSION

Defendants Rocket and MERS argue that Plaintiff's lien AGAINST Michel Stoll's interest in the Salem Property is subordinate to the Rocket Mortgage DOT as a matter of law for two reasons: (1) the judgment lien did not attach to Michael Stoll's former interest in the Salem Property, or in the alternative, (2) Defendants were excusably ignorant of Plaintiff's intervening lien and are entitled to a defense of equitable subrogation. Def.'s Mot. at 4, 9. The Court finds that Plaintiff plausibly states a claim and that Defendants' arguments raise issues of material fact that cannot be properly decided on the pleadings.

I. **Attachment of the Lien**

Defendants argue that Plaintiff's lien did not attach to Michael Stoll's interest in the Salem Property because he validly conveyed his interest to Maryanne Stoll before Plaintiff registered the California Judgment in Oregon. Defs.' Reply at 3, ECF No. 38. Defendants assert that "[l]ongstanding Oregon law is unambiguous that a judgment lien will only attach to the

judgment debtor's actual interest in the property, regardless of whether the conveyance is recorded." Defs.' Mot. at 4-5, 7-8 (citing *Thompson v. Hendricks*, 118 Or. 39 (1926); *Hawkenson v. Rostad*, 86 Or. 704 (1917); *Bennett v. Boyd*, 89 Or. App. 659 (1988); and *Bedortha v. Sunridge Land Co.*, 312 Or. 307 (1991)).

The priority of a judgment lien over a real property conveyance is governed by Or. Rev. Stat. § 18.165, which states:

> (1) If a judgment with lien effect under ORS 18.150, 18.152 or 18.158 is entered or recorded in a county before a conveyance, or a memorandum of a conveyance, of real property of the debtor is recorded in that county, the conveyance of the judgment debtor's interest is void as against the lien of the judgment unless:
>
> (a) *The grantee under the conveyance is a purchaser in good faith for a valuable consideration*, the conveyance is delivered and accepted before the judgment is entered or recorded in the county where the property is located *and the conveyance or memorandum of the conveyance is recorded within 20 days after delivery and acceptance of the conveyance*, excluding Saturdays and legal holidays under ORS 187.010 and 187.020;
>
> (b) The judgment creditor has actual notice, record notice or inquiry notice of a conveyance of the debtor's interest to a grantee when the judgment is entered or recorded in the county;
>
> (c) The conveyance by the debtor is a fulfillment deed entitled to priority over the judgment under ORS 93.645; or
>
> (d) The conveyance is a mortgage, trust deed or other security instrument given by the debtor to secure financing for the purchase by the debtor of the real property described in the conveyance.

(emphasis added).

The "[l]ongstanding Oregon law" cited by Defendants are not controlling because they do not interpret the current version of the relevant recording statute, ORS § 18.165. In *John Latta Associates, Inc. v. Vasilchenko*, 240 Or. App. 96 (2010), the Oregon Court of Appeals discussed in depth the development of Oregon's recording statutes from 1862 to 2007. The Court explained that the current version of ORS § 18.165 was amended in 2007 because the Oregon legislature

wanted to make clear "'that if . . . you've got a deed or contract of sale, you better record it if you want to protect your interest against a judgment that comes against that property. And the language that we've added in that section will make that very clear that that's what was intended.'" *Id.* at 104 (quoting Audio Recording, Senate Committee on Judiciary, SB 322, Feb. 27, 2007, at 46:00 (statement of David Heynderickx), https://records.sos.state.or.us/ORSOSWeb Drawer/Record/4222126 (accessed April 10, 2024)).

Defendants fail to establish that the conveyance was valid as a matter of law. Plaintiff specifically alleges that Michael Stoll did not convey his interest in the Salem Property to Maryanne Stoll in good faith or for valuable consideration and that the conveyance was not recorded within 20 days. These allegations are supported by the Deed, which Plaintiff attaches to the First Amended Complaint and purportedly shows that the True and Actual Consideration for this conveyance was $0.00 and was not recorded until June 11, 2021. FAC Ex. 7, 1. Plaintiff attaches the Rocket Mortgage DOT to his pleadings which was also purportedly recorded more than 20 days after Rocket released the Alameda Mortgage. FAC Exs. 8, 9. Plaintiff plausibly alleges that Michael Stoll's conveyance to Maryanne Stoll is void against Plaintiff's judgment lien because the conditions of ORS 18.165(1)(a) are not met. Issues of fact preclude ruling as a matter of law that Plaintiff's judgment lien did not attach to Michael Stoll's interest in the Salem Property.

## II. Equitable Subrogation

Defendants allege in their Amended Answer to Plaintiff's First Amended Complaint that "Rocket Mortgage and MERS were ignorant of any claims asserted by Plaintiff when the Rocket Mortgage Loan was issued to repay the [Alameda Mortgage]." Am. Answer at 16, ECF No. 12. Defendants argue that even if Michael Stoll's conveyance was invalid, the Rocket Mortgage

DOT should be placed in the position of the Alameda Mortgage prior to refinancing based on the affirmative defense of equitable subrogation.

When a homeowner refinances their mortgage, the doctrine of equitable subrogation ensures that the new lender is given the same priority as the former lender that it substitutes, despite a third party's intervening rights. *Dimeo v. Gesik*, 164 Or. App. 567, 570 (1999). However, equitable subrogation does not apply unless the lender "proves that it was ignorant of the existence of the intervening lien and that its ignorance was not a result of inexcusable negligence." *SERA Architects, Inc. v. Klahowya Condo., LLC*, 253 Or. App. 348, 363 (2012) (quoting *Dimeo v. Gesik*, 164 Or. App. 567, 571 (1999)). Evidence of whether the new lender acted "commercially reasonable under the[ ] circumstances" is probative of whether the ignorance is excusable. *Dimeo*, 164 Or. App. at 572. For example:

> in *Metropolitan Life Ins. Co. v. Craven,* 164 Or. 274, 101 P.2d 237 (1940), the lender advanced money to pay off a prior encumbrance in ignorance of a recorded intervening lien. The Supreme Court ultimately granted equitable relief because the lender's ignorance was induced by a misrepresentation by the property owner that no junior liens existed, and the lender obtained an abstract of title from a title company that failed to reveal the junior lien. *Id.* at 283, 101 P.2d 237.

*SERA Architects, Inc.*, 253 Or. App. at 364–65. In contrast, the Oregon Supreme Court declined to apply equitable subrogation where the lender had notice of membership agreements creating hunting and fishing rights and proceeded without further investigation. *High v. Davis*, 283 Or. 315, 333–34 (1978). Commercial reasonableness is a question of fact. *Dimeo*, 164 Or. App. at 572.

Here, Defendants must rely on Plaintiff's pleadings to prove they had no knowledge of Plaintiff's intervening interests when Maryanne Stoll refinanced the Alameda Mortgage and that their ignorance was not due to inexcusable negligence. Defendants assert they did not and could

not have known of Plaintiff's lien on Michael Stoll's interest in the Salem Property because the refinancing occurred on January 12, 2021 and the California Judgment was not registered until May 4, 2021. However, Plaintiff alleges that Defendants knew or should have known that Michael Stoll fraudulently conveyed his interest in the Salem Property to avoid attachment of the California Judgment and that Defendants waited an unreasonable amount of time to record. Drawing all inferences in Plaintiff's favor, factual issues remain about whether Defendants were ignorant of Plaintiff's interests, whether their ignorance was, at best, the result of excusable neglect, and whether they acted commercially reasonable under the circumstances.

In the alternative, Defendants argue that even if issues of fact preclude judgment on the pleadings regarding whether Defendants were inexcusably ignorant, Defendants are entitled to equitable subrogation because, if given senior priority, Plaintiff's would be unjustly enriched by Rocket's payoff of the Alameda Mortgage. Defendants cite to *W. J. Seufert Land Co. v. Greenfield*, 273 Or. 408, 412 (1975) for the proposition that equitable subrogation can be used to prevent unjust enrichment and windfalls to junior lienholders. However, unlike the procedural posture under review in *Seufert*, here, the Court has not made a factual finding that "the senior lien [wa]s paid off in ignorance of the intervening lien." *Id.* Whether Plaintiff would be unjustly enriched in this case is a factual matter that cannot be decided on the pleadings. If, for example, discovery later revealed that Defendants knew or should have known that Maryanne Stoll's refinancing—which occurred at the same time as the allegedly fraudulent conveyance—was done to avoid attachment of the California Judgment, then there may be nothing unjust about Plaintiff's enrichment.

///

///

## CONCLUSION

For the reasons explained above, Defendants' Motion for Judgment on the Pleadings (ECF No. 33) is DENIED.

IT IS SO ORDERED

DATED this 25th day of April 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge